Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I (ESPECIAL)

| | | |
|---|---|---|
| EDWIN SANTANA DE LA ROSA<br><br>Recurrido<br><br>v.<br><br>JOSÉ ALGARÍN PABÓN, en su capacidad de albacea de la Sucn. María I. de la Rosa Juarbe<br><br>Demandado<br><br>AIRPORT SHOPPES & HOTELS CORP. y SURFSIDE HOTEL CORP.<br><br>Peticionarios | CONSOLIDADOS<br><br>KLCE202400080 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: KDP2017-0075<br><br>Sobre: Daños y Perjuicios |
| EDWIN SANTANA DE LA ROSA<br><br>Recurrido<br><br>v.<br><br>JOSÉ ALGARÍN PABÓN, en su capacidad de albacea de la Sucn. María I. de la Rosa Juarbe<br><br>Demandado<br><br>JOSÉ A. SANTANA DE LA ROSA<br><br>Peticionario | KLCE202400084 | |
| EDWIN SANTANA DE LA ROSA<br><br>Recurrido<br><br>v.<br><br>JOSÉ ALGARÍN PABÓN, en su capacidad de albacea de la Sucn. María I. de la Rosa Juarbe | KLCE202400088 | |

Número Identificador
RES2024_____

| Demandado<br><br>MANAGEMENT GROUP INVESTORS, LLC<br><br>Peticionario | | |
|---|---|---|

Panel integrado por su presidente el juez Sánchez Ramos, el juez Salgado Schwarz y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparecen ante este tribunal apelativo el Sr. José A. Santana De La Rosa; Management Group Investors, LLC (MGI); Airport Shoppes & Hotels Corp. (ASH); y Surfside Hotel Corp. (SHC), (en conjunto los peticionarios) mediante los recursos de *Certiorari* de epígrafe solicitando nuestra intervención a los fines de que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 15 de junio de 2023, re-notificada el 11 de agosto siguiente. Mediante dicho dictamen, el foro primario atendió varias mociones, entre estas, diversas objeciones al descubrimiento de prueba.

Atendida la *Solicitud de Consolidación...,* presentada por Management Group Investors, LLC el 26 de enero de 2024, como se pide. En consecuencia, se consolidan los recursos KLCE202400080, KLCE202400084 y KLCE202400088.

Por los fundamentos que exponemos a continuación, denegamos la expedición de los recursos de *certiorari* solicitados.

### I.

Los casos de marras tuvieron su génesis el 19 de enero de 2017 cuando el Sr. Edwin Santana De La Rosa (el recurrido) instó una *Demanda* sobre daños y perjuicios contra el Sr. José A. Algarín Pabón (el señor Algarín Pabón) en su capacidad de albacea de la Sucesión María L. De La Rosa Juarbe. La causa de acción está predicada en una alegada falta a su deber de fiducia y lealtad como

albacea de la Sucesión. En síntesis, se adujo que este realizó múltiples actuaciones a favor del Sr. José A. Santana De La Rosa (señor José A. Santana) en perjuicio de los demás herederos y accionistas de las Empresas Santana.

La demanda ha sido enmendada en tres ocasiones,[1] y en la tercera demanda enmendada se incluyó como codemandado al señor José A. Santana. El 26 de agosto de 2021 el TPI dictó una *Sentencia Parcial* desestimando las causas de acción presentadas contra este por estar prescritas. El 26 de abril de 2022 esta *Curia* dictó *Sentencia* en el recurso KLAN202100822 confirmando el dictamen parcial desestimatorio.

En lo aquí pertinente, destacamos, que en los casos de autos el foro recurrido concedió a las corporaciones MGI, ASH y SHC la orden protectora solicitada al amparo de la Regla 23.2 (b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 23.2.[2] De otra parte, el 17 de octubre de 2022, notificada al día siguiente, el TPI dictó una *Resolución* en la cual, entre otros asuntos, ordenó al señor José A. Santana proveer unos diecisietes (17) documentos que fueron requeridos por el recurrido desde el 18 de enero de 2022.[3]

Instadas varias mociones, el 15 de junio de 2023 el TPI dictó la *Resolución* recurrida en la cual atendió varios asuntos, entre estos, una solicitud de reconsideración respecto a la orden protectora dictada a favor de las corporaciones ASH y SHC el 4 de abril de 2023.

---

[1] En la Segunda Demanda Enmendada se alegó que el albacea realizó transacciones como presidente y director de las corporaciones familiares que representaba (Empresas Santana) en perjuicio del heredero y demandante, Sr. Edwin Santana De La Rosa.

[2] Véanse las Órdenes del 2 de mayo de 2019 y 4 de abril de 2023. Apéndice del Recurso KLCE202300084, a las págs. 1453-1457, y 2058-2059. La Orden del 2 de mayo de 2019 fue recurrida ante este foro apelativo. Sin embargo, el recurso de *Certiorari* (KLCE201900886) fue **denegado**.

[3] Véase el Apéndice del Recurso KLCE202400084, a la pág. 1475. La referida resolución fue objeto de revisión ante este tribunal. No obstante, el auto de *Certiorari* (KLCE202300188) fue **denegado**.

Atendida la moción de reconsideración presentada por el recurrido, el TPI resolvió y citamos:[4]

> Atemperado los escritos que aquí se atienden a la totalidad del expediente se resuelve ha lugar a la solicitud de reconsideración, a los efectos de que el Dr. José Santana de la Rosa cumpla con la orden de descubrimiento de prueba. Esto es, en cuanto a los documentos que este tribunal ordenó que el Dr. Santana de la Rosa debe producir. **No se permitirá descubrimiento de prueba directo** a [ASH y SHC**], ni ampliar el descubrimiento a otros asuntos fuera de los documentos ordenados** al Dr. José Santana de la Rosa descubrir. [Énfasis nuestro]

En cuanto a la oposición, presentada por el recurrido al petitorio presentado por MGI, el foro recurrido razonó que:[5]

> Habiendo atendido los escritos y a la luz de la totalidad del expediente se resuelve ha lugar la oposición a la orden de protección y permite el descubrimiento de prueba en cuanto a [MGI], con la misma limitación que a las demás corporaciones. Esto es, **se permite el descubrimiento de prueba a través del Sr. José Santana de la Rosa para que produzca los documentos ya ordenados**. Ningún otro descubrimiento se permite en cuanto a las corporaciones. [Énfasis nuestro]

Por último, el TPI declaró *Ha Lugar* a la solicitud de orden instada por el recurrido para que el señor José A. Santana descubra lo solicitado. Asimismo, declaró *No Ha Lugar* a la imposición de sanciones a este.

La referida *Resolución* fue re-notificada el 11 de agosto de 2023, a petición de las corporaciones, lo cual fue aceptado por el recurrido.[6] El 21 de diciembre de 2023, notificada al día siguiente, el foro de primera instancia declaró *No Ha Lugar* a los petitorios de reconsideración instados por los aquí peticionarios.[7]

Aún inconformes, los peticionarios acuden ante este foro intermedio imputándole al foro de primera instancia la comisión de los siguientes errores.

a) MGI indicó los siguientes errores:[8]

---

[4] Véase el Apéndice del Recurso KLCE202400084, a las págs. 2432-439.
[5] *Íd.*
[6] *Íd.*, a la pág. 2586.
[7] *Íd.*, a la pág. 2853.
[8] KLCE202400080.

A. EL TPI ERRÓ Y ABUSÓ DE SU DISCRECIÓN AL NO APLICAR LA DOCTRINA DE LA LEY DEL CASO, CONFORME A LA CUAL LA ORDEN PROTECTORA DESPLAZA LA ORDEN DE PRODUCCIÓN.

B. CON O SIN LA APLICACIÓN DE LA DOCTRINA DE LA LEY DE CASO, EL ANÁLISIS DE PERTINENCIA QUE HIZO EL TPI EL 2019 Y LUEGO EL TA EN EL 2020, ES EL MISMO QUE SE DEBE CONTINUAR APLICANDO POR LO QUE ERRÓ EL TPI AL NO HABERLO REALIZADO.

b) Por su parte, el señor José A. Santana expuso los siguientes errores:[9]

A. PRIMER SEÑALAMIENTO DE ERROR: INCURRIÓ EL TPI EN UN ABUSO DE DISCRECIÓN Y ERROR MANIFIESTO DE DERECHO AL IGNORAR LA LEY DE CASO Y LAS DETERMINACIONES PREVIAS DEL PROPIO TPI Y DEL TRIBUNAL APELATIVO Y ORDENAR LA PRODUCCIÓN DE DOCUMENTOS QUE AMBOS FORO HABÍAN DETERMINADO PREVIAMENTE QUEDABAN FUERA DEL ALCANCE DEL DESCUBRIMIENTO DE PRUEBA POR NO GUARDAR RELACIÓN CON LAS FUNCIONES DEL DEMANDADO ALGARÍN COMO ALBACEA.

B. SEGUNDO SEÑALAMIENTO DE ERROR: INCURRIÓ EL TPI EN UN ABUSO DE DISCRECIÓN Y ERROR MANIFIESTO AL ORDENAR LA PRODUCCIÓN DE DOCUMENTOS QUE PERTENECEN Y/O ESTÁN RELACIONADOS A TRANSACCIONES Y DETERMINACIONES TOMADAS POR LAS EMPRESAS SANTANA, QUE NO SON PARTE EN ESTE CASO Y QUE EN NADA ESTÁN RELACIONADAS A LA FUNCIÓN DE ALGARÍN COMO ALBACEA Y POR ENDE A LAS RECLAMACIONES DEL CASO.

C. TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL NO CONCEDER LA ORDEN PROTECTORA SOLICITADA POR JOSÉ SANTANA EXIMIÉNDOLO DE LA PRODUCCIÓN DE DOCUMENTOS HASTA TANTO SE ADJUDIQUE LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR JOSÉ ALGARÍN Y/O EN LA ALTERNATIVA, NO LIMITAR LA DEPOSICIÓN A SER TOMADA A ÉSTE A LOS ASUNTOS QUE ESTÁN RELACIONADOS CON LA FUNCIÓN DE ALGARÍN COMO ALBACEA.

c) A su vez, las corporaciones ASH y SHC plantearon los siguientes errores:[10]

A. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ACTUAR SIN JURISDICCIÓN CUANDO DICTÓ LA RESOLUCIÓN DEL 15 DE JUNIO DE 2023 (DEJANDO SIN EFECTO LA ORDEN PROTECTORA DEL 4 DE ABRIL DE 2023), EN CONTRAVENCIÓN A LO QUE ESTABLECE LA JURISPRUDENCIA DEL TRIBUNAL SUPREMO DE PUERTO RICO EN UNION GENERAL V. CEMPR, 2023 TSPR 107.

---

[9] KLCE202400084.
[10] KLCE202400088.

B. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO EXPONER LOS FUNDAMENTOS DE SU DECISIÓN, AUN CUANDO SE LE PLANTEÓ SU FALTA DE JURISDICCIÓN, Y AL NO ANALIZAR SI POSEÍA O NO JURISDICCIÓN PARA ATENDER LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE DEMANDANTE-RECURRIDA PRESENTADA EL 14 DE ABRIL DE 2023.

Examinados los recursos presentados, y al tenor de la determinación arribada, determinamos prescindir de los escritos en oposición, según nos faculta la Regla 7 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7.

Analizados los escritos de las partes, y los documentos acompañados; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró,* 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari.*

Por tanto, el asunto que se nos plantee en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de

hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Sin embargo, aun cuando el asunto esté contemplado por dicha regla para determinar si procede la expedición de un recurso, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así, pues, es norma reiterada que este

foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

**III.**

Según reseñamos, todo recurso de *certiorari* presentado ante este foro intermedio deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* De una lectura de la referida norma surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar el dictamen aquí recurrido relacionado con el descubrimiento de prueba.

Por otra parte, aun cuando se concluyera que la Regla 52.1, *supra,* nos permite evaluar las peticiones de referencia, de conformidad con los criterios de la Regla 40 de nuestro Reglamento, *supra*, igualmente declinaríamos la invitación de los peticionarios a intervenir con lo actuado por el TPI. Esto, debido a que no se encuentran presente los criterios anteriormente enumerados, por lo que no procede nuestra intervención.

De otro lado, precisa señalar que los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. ELA*, 142 DPR 117, 141-142 (1996). A su vez, advertimos que, aun cuando el descubrimiento de prueba podría ser de amplio alcance, la Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.2, concede a los tribunales la potestad de prohibir el descubrimiento cuando los fines de la justicia claramente lo requieran, particularmente cuando se solicita para proteger a una parte contra la opresión, el

hostigamiento, la perturbación, las molestias o los gastos indebidos o innecesarios. *Chévere v. Levis*, 150 DPR 525, 545 (2000).

En los casos de autos, resulta ser un hecho diáfano que se dictaron órdenes que **prohíben** el descubrimiento de prueba directamente dirigido a las corporaciones MGI, ASH y SHC. Incluso, las corporaciones comparecen sin someterse a la jurisdicción ni son partes en el pleito. Sin embargo, se han mantenido en el caso litigando activamente los asuntos relativos al descubrimiento de prueba que entienden les afectan.

Por otra parte, el TPI ha reiterado la obligación del señor José A. Santana de descubrir los 17 documentos solicitados por el recurrido. Del recurso instado (KLCE202400084) no surge que este haya solicitado al foro recurrido alguna de las medidas que dispone la Regla 23.2 de las Reglas de Procedimiento Civil, *supra,* en el inciso (b) para así proteger los documentos solicitados. Tampoco surge que este le haya solicitado al TPI que se le exima de dicho cumplimiento por academicidad, al haberse dado por sometida la solicitud de sentencia sumaria instada por el señor Algarín Pabón. Al respecto, destacamos que en la *Resolución* dictada el 21 de diciembre de 2023 el TPI dispuso: *El descubrimiento de prueba deberá continuar como ordenado.*

Por último, los recursos que invocan los peticionarios fueron denegados por este foro intermedio. Como es conocido, en el contexto de la adjudicación de peticiones de *certiorari* la denegatoria a expedir el auto no implica la ausencia de error en el dictamen cuya revisión se solicita, ni constituye una adjudicación en los méritos. Por ende, en casos como ese, así como los que atendemos no aplica la doctrina de la ley del caso.[11]

---

[11] Véase, *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 10 (2016) y casos allí citados.

En resumen, estamos impedidos de intervenir con la *Resolución* recurrida, ello por virtud de lo dispuesto en la Regla 52.1, *supra*, y por no estar presentes los criterios de la Regla 40, *supra*.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición de los autos de *certiorari* solicitados.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones